UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEAGEN DEGNER,

       Plaintiff,

                                                Case No. 16-cv-11068

v.

                                                HON. MARK A. GOLDSMITH

ANTHONY STEWART, et al.,

       Defendants.
_____/

**OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 14)**

      Plaintiff Meagen Degner filed this civil rights lawsuit under 42 U.S.C. § 1983 against Defendants Anthony Stewart, Karri Osterhout, and the Michigan Department of Corrections (collectively "Defendants"), alleging violations of her First Amendment rights. Am. Compl. at 1, 8 (Dkt. 12). Defendants have filed a motion for summary judgment (Dkt. 14), claiming that Degner failed to exhaust her administrative remedies before filing the lawsuit. Degner did not file a response. For the reasons discussed below, summary judgment in favor of Defendants is appropriate and, therefore, the Court grants the motion.

### I. BACKGROUND

      Meagen Degner is presently an inmate at the Huron Valley Correctional Facility for Women in Ypsilanti, Michigan. See Am. Compl. ¶ 1. Concerned with the issue of overcrowding at the facility, Degner sought legal advice from the law firm Roy, Shecter & Vocht, P.C. Id. ¶ 5. To gain information in preparation for a putative class action lawsuit, the firm mailed Degner a survey about the overcrowding. Id. ¶ 6.

1

On December 27, 2015, Degner claims that Defendants confiscated the survey after she attempted to make copies to distribute to other prisoners.  Id. ¶¶ 8, 9.  Defendants then allegedly shredded the survey and its copies "based on a policy instituted by Defendant[] Anthony Stewart, and enforced by Deputy Karri Osterhout."  Id. ¶ 9.  Degner claims that these acts violated her "First Amendment right to counsel," id. at 1, and her "right to freedom of speech guaranteed by the 1st Amendment," id. ¶ 25.

The Michigan Department of Corrections ("MDOC") has established a three-step procedure for inmate grievances that allege "violations of policy or procedure or unsatisfactory conditions of confinement which directly affect the grievant, including alleged violations of this policy and related procedures."  7/9/2007 MDOC Policy Directive, ¶ E, at 6 (cm/ecf page) (Dkt. 14-2); see generally id. at 8-11 (cm/ecf pages) (describing three-step procedure).  Degner filed a Step I grievance on January 3, 2016, which was rejected on January 21, 2016.  See Am. Compl. ¶ 10; Russell Aff. ¶ 6 (Dkt. 14-2).  The grievance was appealed to Step II, which is still pending.  Russell Aff. ¶ 6.  A Step III appeal has not been filed.  Id.  Degner initiated this action on March 23, 2016 (Dkt. 1).

## II. ANALYSIS

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In evaluating the evidence, courts draw all inferences in favor of the non-moving party.  Warf v. U.S. Dep't of Veterans Affairs, 713 F.3d 874, 877 (6th Cir. 2013).  "After the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth 'specific facts showing that there is a genuine issue for trial.'"  Am. Beverage Ass'n v.

Snyder, 735 F.3d 362, 369 (6th Cir. 2013) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The facts, as set forth by Defendants, appear to be straightforward and undisputed. In failing to respond to the motion, Degner has not offered any facts that would preclude judgment in favor of Defendants. Nonetheless, where a motion for summary judgment is unopposed, courts must still "intelligently and carefully review the legitimacy of such an unresponded-to motion," and, in particular, flag any factual assertions that are either misstated or taken out of context. Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 407 (6th Cir. 1992). The Court has reviewed the record provided by Defendants, and concludes that the material facts are not in dispute, nor have they been misstated or taken out of context. All that remains is whether Defendants are entitled to judgment as a matter of law.

The Prison Litigation Reform Act of 1995 ("PLRA") requires that an inmate properly exhaust administrative remedies by complying with prison grievance procedures before filing a lawsuit. 42 U.S.C. § 1997e(a);[1] Jones v. Bock, 549 U.S. 199, 218 (2007); Woodford v. Ngo, 548 U.S. 81, 88, 90-91 (2006). Although not jurisdictional, this requirement is mandatory and "applies to all federal claims seeking redress for prison circumstances or occurrences regardless of the type of relief being sought." Lee v. Willey, 789 F.3d 673, 677 (6th Cir. 2015) (citing Porter v. Nussle, 534 U.S. 516, 532 (2002) and Booth v. Churner, 532 U.S. 731 (2001)). Because the prison grievance process, not the PLRA, provides for the applicable procedural rules, it is the prison's requirements "that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218. Failure to adhere to the exhaustion requirement is an affirmative defense that

---

[1] This portion of the PLRA states, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).

the defendant must plead and prove by a preponderance of the evidence.  Id. at 216; Lee, 789 F.3d at 677.

The MDOC has established a three-step grievance procedure.  It is undisputed that Degner did not complete the MDOC's grievance process, because Degner only completed the first step and her Step II appeal remains pending.  Accordingly, the Court finds that Degner did not exhaust her administrative remedies under the PLRA before filing this action, and, therefore, Defendants are entitled to summary judgment.

### III.  CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment (Dkt. 14) is granted.  This case is dismissed without prejudice.  A separate judgment will be entered.

SO ORDERED.

Dated:  June 24, 2016                                  s/Mark A. Goldsmith
   Detroit, Michigan                                   MARK A. GOLDSMITH
                                                       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 24, 2016.

                                                       s/Karri Sandusky
                                                       Case Manager